IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL L. CARRILLO,

    Plaintiff,

  v.

COUNTY OF SISKIYOU, SISKIYOU COUNTY SHERIFF'S DEPARTMENT, SISKIYOU COUNTY DEPUTY SHERIFF ROBERT STEWART,

    Defendants.

_____/

No. Civ. S-07-0706 RRB CMK

**MEMORANDUM OF OPINION AND ORDER**

The matter before the court is County of Siskiyou, Siskiyou County Sheriff's Department and Siskiyou County Deputy Sheriff Robert Stewart's ("Stewart") (collectively "defendants") motion to dismiss or stay the instant action. Daniel Carrillo ("Carrillo") opposes the motion. For the reasons stated below, the court **GRANTS** the motion.[1]

---

[1] Inasmuch as the court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171

1

**I. BACKGROUND**

On March 1, 2006, Deputy Stewart effected a traffic stop of Carrillo for seatbelt and headlight violations. Compl. ¶ 7. During the stop, Deputy Stewart shot Carrillo twice with his firearm, id. ¶ 8, after Carrillo allegedly attempted to drive away while Deputy Stewart was partially inside his vehicle. Answer ¶¶ 42-44. Following the shooting, Carrillo fled in his car, leading law enforcement on a chase that ultimately ended at a hospital. Compl. ¶¶ 11, 13. Upon reaching the hospital, Carrillo was arrested and given medical treatment. Id. ¶¶ 13-14.

On March 17, 2006, a Siskiyou County Grand Jury returned an indictment against Carrillo accusing him of the following crimes: (1) violation of California Health and Safety Code § 11377, possession of a controlled substance (methamphetamine); (2) violation of California Health and Safety Code § 11379, transportation of a controlled substance (methamphetamine); (3) violation of California Health and Safety Code § 11364, possession of paraphernalia; (4) violation of Penal Code § 245(c), assault by means of force likely to produce great bodily injury upon a peace officer; (5) violation of Penal Code

---

F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

§ 245(c), assault with a deadly weapon upon a peace officer;[2] (6) violation of California Health and Safety Code § 11379, transportation of a controlled substance (methamphetamine); and (7) violation of California Health and Safety Code § 11378, possession for sale of a controlled substance (methamphetamine). Exh. A, attached to Decl. of Christine Winte (Docket at 17). On April 13, 2007, Carrillo brought an action against defendants alleging an excessive force claim under 42 U.S.C. § 1983 and several state law claims, including battery, aggravated assault, negligence and intentional infliction of emotional distress. Docket at 2. On February 27, 2008, defendants filed a motion to dismiss or stay the instant action. Docket at 16. Specifically, defendants seek to stay Carrillo's § 1983 claim during the pendency of the parallel state criminal proceedings and to dismiss Carrillo's state law claims. Id.

## II. DISCUSSION

**A.   State Law Claims**

California Government Code § 945.3 provides in pertinent part: "No person charged by indictment . . . charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer

---

[2] Count Five of the indictment contains a special allegation alleging a violation of Penal Code § 12022(b)(2), personal use of a deadly weapon (automobile).

based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." The purposes of § 945.3 are to eliminate the use of civil damage complaints as plea bargaining levers and to prevent the use of civil actions as a discovery device to inquire into prosecutorial information while criminal charges are pending. Harding v. Galceran, 889 F.2d 906, 908-09 (9th Cir. 1989). In California, although the statute of limitations for § 1983 actions is tolled by § 945.3 while criminal charges are pending, § 945.3 does not prohibit a criminal defendant from bringing a § 1983 action in federal court while state criminal charges are pending. Id. at 908; Torres v. City of Santa Ana, 108 F.3d 224, 226-27 (9th Cir. 1997). Based upon the foregoing, the court concludes that Carrillo is not entitled to go forward with his state law claims while the state criminal charges are pending. However, because § 945.3 does not prohibit Carrillo from bringing his § 1983 claim while the state criminal charges are pending, the court must consider whether this claim should proceed.

**B.    Section 1983 Claim**

In <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007), the United States Supreme Court stated that if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  <u>Id.</u> at 1098.  If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) requires dismissal; otherwise, the case may proceed.  <u>Wallace</u>, 127 S. Ct. at 1098.

In this case, because Carrillo's § 1983 claim is premised upon Deputy Stewart's use of force, this claim is related to rulings that will likely be made in an anticipated criminal trial as Carrillo has been indicted for, among other things, assault by means of force likely to produce great bodily injury upon a peace officer and assault with a deadly weapon (automobile) upon a peace officer.  As such, the court will follow the Supreme Court's guidance in <u>Wallace</u> and exercise its

discretionary authority to stay Carrillo's § 1983 claim during the pendency of the parallel state criminal proceedings.[3]

### III. CONCLUSION

For the reasons stated above, the court **GRANTS** the motion. The instant action is stayed pending the resolution of the parallel state criminal proceedings.

**IT IS SO ORDERED.**

ENTERED this 14th day of April, 2008.

```
                              s/RALPH R. BEISTLINE
                              United States District Judge
```

---

[3] To the extent that Carrillo relies on Smithart v. Towery, 79 F.3d 951 (9th Cir. 1996) and Cabrera v. City of Huntington Park, 159 F.3d 374 (9th Cir. 1998) to argue that a stay of the instant action is inappropriate, the court finds such reliance misplaced. Both Smithart and Cabrera are distinguishable insofar as neither case considered the propriety of staying a § 1983 claim during the pendency of parallel criminal proceedings. As such, neither Smithart nor Cabrera compel the conclusion that a stay of the instant action is inappropriate.